UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21595-CIV-ALTONAGA/Reid

**RODNEY LAMAR NELSON**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____ /

**ORDER**

On May 23, 2022, Movant, Rodney Lamar Nelson filed a Motion Under 28 U.S.C. [Section] 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1]. The Court referred the case to Magistrate Judge Lisette M. Reid for an evidentiary hearing on Movant's claim that he was denied effective assistance of counsel because his counsel did not file a notice of appeal despite Movant's request he do so. (*See* Order of Reference to Mag. Judge [ECF No. 10] 2). Magistrate Judge Reid held an evidentiary hearing [ECF No. 33] on March 2, 2023.

The case now comes before the Court on the Magistrate Judge's March 10, 2023 Report [ECF No. 37], recommending the Motion be granted as to Movant's claim of ineffective assistance due to counsel's failure to file the notice of appeal. (*See id.* 1). The Government filed Objections to the Report [ECF No. 40], to which Movant filed a Response [ECF No. 41].

The undersigned presided over Movant's underlying criminal case, case number 21-cr-20118. Throughout his criminal proceedings, Movant's counsel was Arnaldo J. Suri. (*See* Mot.

10–11).[1]  On August 12, 2021, Movant pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. section 841(a)(1); possession with intent to distribute a controlled substance, in violation of 21 U.S.C. section 841(a)(1); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. section 922(g)(1).  (*See* Plea Agreement [Cr. ECF No. 96] [2] ¶ 1; *see also* July 8, 2022 Gov't's Resp. to Order, Ex. 1, Change of Plea Hr'g Tr. [ECF No. 8-1]).  At Movant's change of plea hearing, Movant testified that he understood he was waiving his appellate rights by entering into the Plea Agreement.  (*See* Change of Plea Hr'g Tr. 37:13–25).[3]  He also testified that he discussed the appellate waiver provision in the Plea Agreement with his counsel.  (*See id.*).

At Movant's sentencing hearing, the Government requested a finding that Movant was "eligible for the sentencing enhancement under the Armed Career Criminal Act [the "ACCA".]" (Jul. 8, 2022 Gov't's Resp. to Order, Ex. 2, Sent. Hr'g Tr. [ECF No. 8-2] 4:9–12 (alteration added; discussing 18 U.S.C. § 924(e))).  The Government requested a 15-year sentence, which Movant's counsel agreed was appropriate (*See id.* 9:3–23).  But Movant himself objected on the basis that certain of his prior offenses did not qualify as predicate offenses under the ACCA.  (*See id.* 10:7–12:1; *see also* Report 3–4).  Defense counsel then informed the Court that he felt "very comfortable that the plea agreement that [Movant] signed [was] in [Movant's] best interest" and he did not join in Movant's objection.  (Sent. Hr'g Tr. 13:18–24 (alterations added)).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Citations to docket entries in the instant case, case number 22-21595-Civ, are referenced as "ECF No." Citations to docket entries in the underlying criminal case, number 21-cr-20118, are referenced as "Cr. ECF No."

[3] Citations to transcripts or other testimony rely on the pagination and line numbering in the original document.

Despite Movant's objection at the hearing, the Court agreed with the Government and defense counsel that Movant was eligible to be sentenced under the ACCA and imposed the mandatory minimum sentence. (*See id.* 14:9–15:4). Movant's sentence was higher than the sentences of his codefendants. (*See id.* 5:14–20; 7:9–11). The Court informed Movant that he had "a right to appeal the sentence" and if he wanted to do so, he needed to file a notice of appeal "within 14 days after the entry of the judgment." (*Id.* 16:10–14).

After the Court announced Movant's sentence, defense counsel asked the Court "to appoint an appellate attorney." (*Id.* 16:21–22). In response to a question from defense counsel about whether he should proceed with the appeal in the case, the Court responded that Movant could "file his own notice of appeal, if he wants." (*Id.* 17:8–13). After the hearing, the Court entered Judgment [Cr. ECF No. 129], sentencing Movant to 180 months' imprisonment followed by 36 months of supervised release (*see id.* 2–3).

In the Motion, Movant argues his counsel was ineffective for refusing his request to file an appeal. (*See* Mot. 4). At the evidentiary hearing, Movant and prior defense counsel, Mr. Suri, testified. (*See generally* Evid. Hr'g Tr. [ECF No. 39]). The Magistrate Judge agreed that defense counsel "fail[ed] to adequately consult with [Movant] about an appeal[]" and therefore failed to provide effective assistance. (Report 10 (alterations added; citation omitted)). The Government does not object to the Magistrate Judge's recitation of the facts, including her summary of what transpired at the evidentiary hearing. (*See* Objs. 2).

In sum, at the evidentiary hearing, Movant testified that in the context of his plea discussions with his counsel — and despite counsel informing him that he was waiving his appellate rights — his counsel did not explain what an appeal was. (*See* Evid. Hr'g Tr. 38:1–13). Movant also testified that counsel met with him after the change of plea hearing but before the

sentencing hearing. (*See id.* 16:11–15). Consistent with Movant's statements at the sentencing hearing, Movant took issue with the ACCA enhancement and believed he did not qualify for the enhancement based on his prior offenses. (*See id.* 17:9–13). Movant testified that as a result, when the Court suggested at the sentencing hearing that he could file his own notice of appeal, he did not know what an appeal was. (*See id.* 25:14–26:3). For his part, defense counsel admitted he never told Movant about his right to an appellate attorney at no cost, that Movant could appeal his case without the payment of costs, or that Movant would not get an increased sentence if he lost an appeal. (*See id.* 118:25–119:10).

In its Objections, the Government argues: Movant's counsel "had no constitutional duty to consult about [the] appeal because no rational defendant would have wanted to appeal" under the circumstances (Objs. 5 (alteration added)); Movant "understood what an appeal was but expressed no interest in appealing" (*id.*); regardless, defense counsel's consultation was sufficient (*see id.* 9–11); and Movant was not prejudiced by the failure to file an appeal (*see id.* 11–12). In response, Movant points to facts demonstrating he was interested in appealing and emphasizes that his counsel "never met with [him] after sentencing to discuss his appellate rights." (Resp. 6 (alteration added; citation omitted)). Movant also insists that under Eleventh Circuit precedent, his counsel's consultation was inadequate. (*See id.* 5–7 (discussing *Thompson v. United States*, 504 F.3d 1203 (11th Cir. 2007))).

When a magistrate judge's findings or recommendations have been objected to, district courts must review the findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). Because the Government filed Objections, the Court reviews the Report *de novo* to determine whether the Magistrate Judge properly recommends granting the Motion "solely as to [Movant's] claim that counsel was ineffective to the extent that he may file a belated appeal

4

in his criminal case[.]" (Report 14 (alterations added)). Upon review of the Report, the evidentiary hearing transcript, and consideration of the parties' competing arguments, the Court concludes finds no error in the Magistrate Judge's conclusions and recommendation.

*Strickland v. Washington* establishes an exceedingly high bar for demonstrating counsel was ineffective under the Sixth Amendment. *See generally* 466 U.S. 668 (1984). To prevail, a criminal defendant must prove: (1) his attorney performed in a professionally deficient manner, and (2) the deficient performance caused prejudice in the case. *See id.* at 687. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (alteration added; citations omitted); *see also Patel v. United States*, 252 F. App'x 970, 972 (11th Cir. 2007). Even if a criminal defendant does not expressly ask his counsel for an appeal of his conviction, his counsel still must adequately consult with him about an appeal under certain circumstances. *See Patel*, 252 F. App'x at 972–73.

"The question of what constitutes adequate consultation [] is not one of duration, but of content." *Thompson*, 504 F.3d at 1207 (alteration added; footnote call number omitted). "[A]dequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." *Id.* at 1206 (alteration added; emphasis and citation omitted).

The Magistrate Judge found that defense counsel did not adequately consult with Movant regarding an appeal, despite Movant never expressly asking his counsel to file an appeal. (*See*

5

Report 10).[4]  In particular, "Suri's email messages to [Movant] after sentencing demonstrate a failure to adequately consult with [Movant] about an appeal." (*Id.* (alterations added; citation omitted)). By counsel's own admission, he did not meet with Movant after the sentencing hearing to discuss Movant's appellate rights. (*See id.* 11). After the sentencing hearing, he communicated with Movant only via the "CorrLinks" messaging system. (*Id.* 10–11).

The Government argues that counsel adequately consulted with Movant "through his discussions with [Movant] around the appellate waiver and his subsequent requests about whether [Movant] wanted to notice an appeal." (Objs. 9 (alterations added)). The Court agrees with the Magistrate Judge that the email messages between Movant and his counsel do not demonstrate adequate consultation. (*See* Report 10). While the communications show that counsel asked Movant repeatedly whether he would like to take an appeal, they do not demonstrate that counsel advised Movant "about the advantages and disadvantages of taking an appeal" or provided Movant with the necessary information regarding his appellate rights and how to pursue an appeal. *Thompson*, 504 F.3d at 1206 (alteration added); *see also Crew v. United States*, No. 3:18-cv-1400, 2019 WL 414879, at *4 (M.D. Fla. Feb. 1, 2019) (finding counsel's letter to criminal defendant did not demonstrate adequate consultation, because it did not discuss advantages and disadvantages of filing an appeal).

---

[4] At the evidentiary hearing, Movant testified that he told his counsel that he wanted to appeal when he saw counsel at the prison. (*See* Report 9–10). The Magistrate Judge credited counsel's testimony that Movant "did not instruct him to file a notice of appeal[.]" (*Id.* 10 (alteration added)). To reach this conclusion, the Magistrate Judge made a credibility determination after hearing conflicting testimony. (*See id.*). As the factfinder, the Magistrate Judge's "choice of whom to believe is conclusive" unless she improperly credited "exceedingly improbable testimony." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (citations, emphasis, and quotation marks omitted).

Here, counsel's testimony was not "so inconsistent or improbable on its face that no reasonable factfinder could accept it." *Rivers v. United States*, 777 F.3d 1306, 1317 (11th Cir. 2015) (citations and quotation marks omitted). Consequently, the Court accepts the Magistrate Judge's finding that Movant did not expressly instruct his counsel to file a notice of appeal.

CASE NO. 22-21595-CIV-ALTONAGA/Reid

The Government further argues that *Thompson* "suggests that discussions between counsel and defendants about appeal rights within the context of a plea agreement appellate waiver can be enough." (Objs. 9–10 (citation omitted)). The Government overstates *Thompson*'s meaning. A discussion of appellate rights is sufficient only if the contents of those discussions meet the requirements for adequate consultation. *See Thompson*, 504 F.3d at 1206. The Government has not shown that the substance of any of counsel's discussions with Movant, including the discussions at the plea agreement stage, were sufficient.

Indeed, the testimony from the evidentiary hearing reveals the opposite: according to Movant, counsel never explained what an appeal was during their plea discussions, aside from informing Movant that he was waiving his right to take one. (*See* Evid. Hr'g Tr. 38:9–13). Counsel also conceded that he never told Movant about key aspects of his appellate rights, including his right to appellate counsel, details on how to file an appeal, and his ability to file an appeal despite the appellate waiver provision in his Plea Agreement. (*See id.* 118:25–119:10). This was insufficient; merely asking Movant if he would like to appeal did not provide Movant with the "necessary information to guide his decision" on whether he would like to take an appeal. *Pendergrass v. United States*, No. 21-14510, 2022 WL 17958916, at *3 (11th Cir. Dec. 27, 2022) (explaining counsel's performance was sufficient when he provided the defendant with "specific, practical information about how he believed an appeal would affect" the defendant).

Having determined that counsel did not adequately consult with Movant, the Court next considers whether counsel had an affirmative duty to consult with Movant regarding his appellate rights. *See Thompson*, 504 F.3d at 1207 (alterations added; citation omitted). "Counsel has a constitutional duty to consult with a defendant about an appeal when: (1) any rational defendant would want to appeal; *or* (2) the defendant reasonably demonstrated an interest in appealing." *Id.*

7

(citation omitted; emphasis added). "While there is no 'bright-line rule' that counsel must always consult with a defendant regarding an appeal, the Supreme Court has recognized that counsel will have a duty to consult 'in the vast majority of cases.'" *Rios v. United States*, 783 F. App'x 886, 891 (11th Cir. 2019) (quoting *Flores-Ortega*, 528 U.S. at 480–81). The Magistrate Judge found that the duty to consult arose here because Movant "reasonably demonstrated an interest in appealing." (Report 11 (citation and quotation marks omitted)).[5]

As the Magistrate Judge noted, "[Movant] consistently argued that he did not qualify for . . . a sentencing enhancement[;] and "[t]estimony introduced at the evidentiary hearing, [and] the sentencing transcript . . . show that [Movant] was troubled about the legality of his sentence." (*Id.* (alterations added)). This is sufficient to demonstrate Movant's interest in appealing. Put another way, Movant did not need to "say the magic word 'appeal' to reasonably demonstrate to counsel an interest in pursuing an appeal." *Crew*, 2019 WL 414879, at *5 (citing *Palacios v. United States*, 453 F. App'x 887, 889 (11th Cir. 2011)). Rather, Movant's "expression of dissatisfaction with his sentence, coupled with a non-specific inquiry about how to proceed, were enough to trigger counsel's duty to consult." *Id.* (alteration added; citation omitted).

The Government insists that counsel had no duty to consult because Movant "showed no interest in appealing, despite understanding what an appeal was and having many opportunities to take one." (Objs. 7). In support of this assertion, the Government points to Movant's testimony — under oath at sentencing — that he was aware of the appellate waiver in his Plea Agreement. (*See id.*). But even where a defendant "state[s] under oath that he [i]s not interested

---

[5] The Government argues that "no rational defendant would have wanted to appeal[.]" (Objs. 5 (alteration added)). The Court "need not decide whether a rational defendant would want to appeal when there is reason to think that Movant demonstrated he was interested in appealing." *Gonzalez v. United States*, No. 20-cr-20155, 2023 WL 122193, at *8 (S.D. Fla. Jan. 6, 2023) (alterations adopted; quoting *Rios*, 783 F. App'x at 892).

8

in filing an appeal[,]" he can still "establish a valid ineffective assistance of counsel claim[.]" *Gonzalez*, 2023 WL 122193, at *9 (alterations added; citations omitted). Indeed, Movant now asserts that, at the time of sentencing, he did not even know what an appeal was. (*See* Evid. Hr'g Tr. 26:2–3).

Having agreed with the Magistrate Judge that counsel failed to adequately consult with Movant, despite having a duty to do so, the Court turns to the final issue: whether Movant was prejudiced by counsel's failure to consult with him about an appeal. *See Thompson*, 504 F.3d at 1207. To establish prejudice, Movant must show that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about appeal, he would have timely appealed." *Flores–Ortega*, 528 U.S. at 484. The Court considers whether this reasonable probability exists "without regard to the putative merits of such an appeal." *Thompson*, 504 F.3d at 1207 (citations omitted). Additionally, the Eleventh Circuit has held the reasoning of *Flores-Ortega* applies "with equal force" where the defendant has waived "many, but not all, of his appellate rights" in a plea agreement, *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005), as is the case here (*see* Evid. Hr'g Tr. 75:5–7).

The Court agrees with the Magistrate Judge that Movant was prejudiced, because there is a reasonable probability Movant would have appealed. The Government points to *United States v. Hayman* to argue that Movant was not prejudiced. (*See* Objs. 12 (discussing No. 21-3044, 2023 WL 1156876 (D.C. Cir. Jan. 31, 2023))). That case is easily distinguishable; here, Movant continuously expressed dissatisfaction with his sentence and his desire to continue with the case. (*See* Report 11 (describing same)). At bottom, it is clear counsel's failure to adequately consult with Movant prevented him from filing an appeal.

9

CASE NO. 22-21595-CIV-ALTONAGA/Reid

For the foregoing reasons, the undersigned agrees with the analysis and recommendations stated in the Report and the Magistrate Judge's conclusions.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Objections [ECF No. 40] are **OVERRULED**. The Report **[ECF No. 37]** is **ACCEPTED AND ADOPTED**. Movant, Rodney Lamar Nelson's Motion **[ECF No. 1]** is **GRANTED**. Movant may file a belated appeal in his criminal case, case number 21-cr-20118.

Final judgment in this case shall issue separately. The Court will also enter an amended judgment of conviction in the underlying criminal case from which an appeal may be taken.

**DONE AND ORDERED** in Miami, Florida, this 10th day of April, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record